J. B. Bivens v. The State.

No. 12267. Delivered January 30, 1929.
Rehearing denied March 27, 1929.

The opinion states the case.

*Wynne & Wynne* of Wills Point, for Appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for possessing a still; punishment, one year in the penitentiary.

Appellant's motion for new trial was overruled July 2, 1928, and sixty days was granted in which to file bills of exception. Computation shows this time to have expired on August 31st. The bills of exception herein appear to have been filed September 1st of said year. Said bills were filed too late to be considered.

Appellant requested a special charge to the effect that the mere presence of a person at the commission of an offense, or his mere knowledge that an offense is about to be committed, will not make him a principal; nor will his failure to give alarm or his concealment of the offense and the offenders make him such, but to constitute him a principal with others in the commission of a crime, there must be a combination of both acts and intent, and he must act together with the others in the commission of the offense, knowing their unlawful intent, and unless the jury so believed beyond a reasonable doubt and that he did some overt act in connection with the possession of said still, he should be acquitted. We are not inclined to agree with appellant's contention that the refusal of this special charge, under the facts of this case, was erroneous. Appellant lived in a three room house with his wife and minor son. On the night in question officers with a search warrant went to said house. They testified that quite a distance before they got to the house they could smell the odor of whisky being made; that when they knocked at the door and aroused appellant he called to some one else and told them, in effect, to destroy the stuff, the law had come. In one of the rooms of appellant's house his minor son and his nephew were engaged in the manufacture of whisky. In appellant's barn a barrel of mash was discovered. There was only one cook stove in the house and upon this stove the still was located. It appears from the record that the two youths pleaded guilty to the manufacture of intoxicating liquor and were each given a suspended sentence, and both of them were introduced as witnesses upon this trial. Appellant's nephew testified that they had asked and obtained

the consent of appellant to make the whisky in question; that he knew of the presence of the mash in the barn; that said barrel of mash had been there ten days. In such case we do not believe the special charge asked by appellant correctly presented the law of principals. In the main charge of the court we find an instruction to the effect that any person who advises or agrees to the commission of an offense, and who is present when same is committed, is a principal whether he aids or not in the illegal act; and that the jury should not find this appellant guilty as a principal unless they believe from the evidence beyond a reasonable doubt that he possessed the still either alone or jointly with the two young men mentioned, and if they had a reasonable doubt as to whether he possessed the still as such principal, they would find him not guilty. The court further instructed the jury in his charge that if they found and believed that the defendant did not know the still was in his house, and that he had nothing to do with it, and that he did not advise or agree that it should be in his house, or if the jury had a reasonable doubt of these facts, then they should acquit the defendant.

In a case where the facts show that a barrel of mash is in the barn of the accused, which could not be brought into a condition fit for the manufacture of liquor until after the passage of some days, and that whisky is being made in the house of appellant upon his stove, and in a room adjoining that in which he is in bed at the time of the arrest, we think the law of the case correctly presented in the charge referred to, and that the refusal of the special charge mentioned should not be held reversible error.

The judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The court charged on principals. Appellant requested the court to instruct the jury that his mere presence at the house where the still was being operated, or mere knowledge of such fact would not make him a principal. The motion for rehearing is predicated on an alleged error of the court because of the refusal of such special charge. We are referred to many cases holding that such a charge should have been given, and ordinarily where the court charges on principals such an instruction as here requested is called for. The sufficiency or otherwise of instructions to protect an accused on his defensive issues must be viewed in the light of the charge as a whole and of all the facts. The house in which

the liquor was being manufactured was a three room house belonging to appellant. The whiskey was being made in the kitchen which adjoined the room occupied by appellant and his wife. The officer testified that when he got within forty or fifty yards of the house he could smell the whiskey "cooking"; that when he knocked on the door appellant went to the kitchen door and said to the boys "tear it up and pour it out, the law has come." Appellant denied making this statement. The nephew testified that appellant had given his consent for himself and appellant's son to make the whiskey there. Both boys were minors. Appellant denied having given his consent to the enterprise, and denied any knowledge that the whiskey was being made until the officers arrived. His son and wife likewise testified that appellant knew nothing about it. The issue was thus joined. It being appellant's house, over which he had control, if he knowingly permitted two minors to use it for the commission of a felony, it would—to say the least—be a most embarrassing situation for him, one which under ordinary circumstances he could prevent by asserting his right as the head of the house. His presence there was natural and expected. It was his house. If the court had left the jury free to convict on appellant's "mere presence" or "mere knowledge" even under the circumstances here presented there might be ground for complaint at refusing the requested charge. The court defined "principals" as follows:

"* * * all persons are principals who are guilty of acting together in the commission of an offense, and who are present when the same is committed, whether they aid or not in the illegal act. Where an offense has been committed, the true criterion for determining who are principals is—Did the parties act together in the commission of the offense, or did they advise or agree to the commission of an offense and were they present when the same was committed, whether they aided or not in the commission of the act? If so, then the law is that all are alike guilty."

He then instructed the jury that if appellant either alone or as "principal" with his son and nephew possessed the still, etc., he would be guilty. The definition of principals given by the court does not authorize a conviction of appellant on mere presence or knowledge, but couples presence with previous advice or agreement. Upon the defensive issues the court pointedly told the jury if appellant did not know the still was in his home and had nothing to do with it, or that he did not advise or agree that the still should be there, the appellant would not be guilty. Although the court did

not in so many words tell the jury that the mere presence of appellant would not make him a principal in possessing the still, it occurs to us that the charge given by the court did in substance embrace that very idea. His presence was admitted. The charge given in effect told the jury that notwithstanding his presence if he had no knowledge of the still being in his home, or did not advise or agree to it being there, to acquit him. The instruction given appears to have excluded a conviction on appellant's mere presence or knowledge that the still was being operated in his house.

The action for rehearing is overruled.

*Overruled.*