C. J. PHIPPS v. THE STATE.

No. 12502. Delivered April 24, 1929.
Rehearing denied May 29, 1929.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment confinement in the penitentiary for two years.

Operating under a search warrant officers searched a building which appellant was renting and found therein a large quantity of whiskey and beer. According to the testimony of the officers appellant said the beer belonged to him, but declared that he had no interest in the whiskey. The officers testified that they found in said building fifteen half-gallon jars of corn whisky and 150 pint bottles of beer. There were some stone jars, a quantity of sugar and many empty bottles in the building. We deem the evidence sufficient to support the conviction.

Several bills of exception are brought forward which we are not authorized to consider as they were filed too late. Appellant's motion for new trial was overruled November 20th, 1928, and notice of appeal given on the same date. The court allowed appellant 80 days from November 20th, 1928 in which to prepare and file bills of exception. The bills were not filed until February 9th, 1929,—81 days from the date notice of appeal was given. No order of extension appears to have been entered. Article 760 C. C. P.

No error being presented, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

HAWKINS, J., absent.

#### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant seeks to bring himself in such relation to the failure of the filing of his bills of exception within the time required by law, as would place the burden upon the district judge or the district clerk. The affidavits presented by appellant are indefinite and do not sufficiently fix the fact that the bills of exception were presented to the district clerk within the time fixed by statute for filing same. We have before said that the accused

may not seek to make the authorities of the State his agents to do things for him which diligence and his own obligation would seem to require him to do.  Webb v. State, 4 S. W. (2d) 45.

Believing the case to have been properly disposed of in the original opinion, the motion for rehearing is overruled.

*Overruled.*