## TOM RHODES V. THE STATE.

No. 13803. .Delivered February 4, 1931.
Rehearing Denied February 25, 1931.

The opinion states the case.

*Lon A. Brooks,* of Abilene, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for selling intoxicating liquor, punishment being one year in the penitentiary.

Only one bill of exception is brought forward. The State's attorney calls our attention to the fact that it was filed too late. The motion for new trial was overruled on the 9th day of April, and sixty days from that date granted in which to file statement of facts and bills of exception. The sixty days expired on the 8th day of June. The bill was not filed until the 14th day of June, six days too late. The bill cannot be considered. Article 760, C. C. P. (1925); Bivens v. State, 111 Texas Crim. Rep., 561, 15 S. W. (2d) 7; Phipps v. State, 112 Texas Crim. Rep., 502, 17 S. W., 811. Other cases are found in Note 36 under Art. 760, Vernon's Ann. C. C. P. of Texas, Vol. 3.

The statement of facts was also filed on the 14th day of June, but this being within 90 days from the overruling of the motion for new trial it may be considered under the provisions of Sec. 5 of Art. 760, C. C. P. (1925). Frederickson, the alleged purchaser, testified positively that he bought two gallons of whisky from appellant at a time when Rives was with witness; that in leaving town in a car in which the whisky was witness ignored a stop sign, was chased by a motor cop, had a wreck,

and that he and Rives were injured and taken to a hospital. Rives' evidence supported Frederickson. The motor cop related the incident of chasing appellant's car, the wreck, and about finding some jars containing whisky in the car, and others broken with whisky over the floor of the car. Appellant denied the sale. He claimed that appellant was at his house not to buy but to sell whisky. Other evidence was introduced by appellant seeking to show that appellant had gotten a load of whisky in Fort Worth, a part of which was in the car when wrecked. The issues of fact raised by the testimony were settled by the jury in the State's favor

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, Judge.—This case was affirmed at a former day of this term. The only bill of exception in the record appeared to have been filed too late. Appellant accompanies his motion by a properly certified supplemental transcript in which is brought forward an extension order made in due time by the trial court, allowing to appellant additional time within which to file statement of facts and bills of exception. The bill referred to was filed within the time comprehended by said order of extension, and will now be considered.

Said bill of exception complains of argument of the State's attorney. The bill is qualified at some length by the trial judge. No exception was taken to the qualification. It appears from the qualification that counsel for the defense had severely criticised the State witnesses and had argued to the jury that they were testifying falsely to protect the alleged purchaser of the liquor charged to have been sold by appellant, and that in what was said by the district attorney he was but replying to the argument and criticism of the defendant's attorney. Appellant admitted while a witness on this trial that he had been convicted for possessing intoxicating liquor for purposes of sale. We have carefully examined the testimony with a view of determining whether or not the statement made by the prosecuting attorney was one of such nature as might be calculated to injuriously affect the rights of the appellant. We are unable to believe it of such nature.

The motion for rehearing will be overruled.

*Overruled.*